

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CYNTHIA K. FORD, | ) |
| | ) Civil Action No. 5:08CV00067 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By:  Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640, 645 (4th Cir. 1966); also stated more recently in: Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Cynthia K. Ford, was born on March 6, 1962, and eventually completed her high school education. Ms. Ford has worked as a convenience store assistant manager and cashier, embroiderer, chicken eviscerator, housekeeper, and sewing machine operator. She last worked on a regular and sustained basis in 2006. On June 23, 2006, plaintiff filed applications for disability

insurance benefits and supplemental security income benefits. An earlier set of concurrent applications for such benefits had proven unsuccessful. In filing her current claim, Ms. Ford alleged that she became disabled for all forms of substantial gainful employment on May 17, 2006 due to bipolar disorder; depression; HIV positive; cervical pain; lack of energy and motivation; crying spells; poor appetite; weight increase; and various symptoms of depression. Plaintiff maintains that she has remained disabled to the present time. As to her claim for disability insurance benefits, the record reveals that Ms. Ford met the insured status requirements of the Social Security Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. § 423.

Ms. Ford's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 30, 2008, the Law Judge also determined that plaintiff is not disabled. The Law Judge, who had also considered plaintiff's earlier applications for social security benefits, found that while Ms. Ford is still positive for human immunodeficiency virus (HIV), she is now asymptomatic. The Law Judge noted that Ms. Ford does not experience any work-related limitations based on HIV. The Law Judge determined that plaintiff experiences a severe impairment on the basis of mental depression/anxiety. Despite this condition, the Law Judge held that Ms. Ford retains sufficient functional capacity to return to her past relevant work as a chicken eviscerator, housekeeper, and cashier. Accordingly, the Law Judge ultimately concluded that Ms. Ford is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Ford has now appealed to this court.

2

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. Ford is HIV positive. However, the court believes that there is substantial evidence to support the observation of the Administrative Law Judge that, with treatment, the symptoms related to her immune deficiency syndrome have improved and that she no longer experiences significant work-related limitations associated with the condition. Nevertheless, Ms. Ford has now developed emotional problems associated, at least in part, with her physical diagnosis. It is true that when her emotional symptoms were first assessed and diagnosed, a treating psychiatrist produced an opinion which indicates that plaintiff was, at least temporarily, unable to work. However, the court must agree that the later medical evidence establishes that plaintiff's emotional impairments are no more than mild to moderate in terms of vocational impact, and that Ms. Ford possesses the capacity to return to several of her past relevant work roles despite her nonexertional impairments. It follows that the Commissioner's final decision denying entitlement to social security benefits must be affirmed.

Dr. Jonathan Ebbing, a psychiatrist, submitted a report on December 22, 2005. It seems that Dr. Ebbing provided psychiatric support during plaintiff's treatment for HIV. Dr. Ebbing commented as follows:

> Based on my visits with Ms. Ford, I believe that Ms. Ford is suffering from Bipolar Disorder, Type II. She has been struggling with a very significant depression (part of this disorder) for some time. She reports a gradual onset over the past one year, with the past four months being particularly difficult. Depression was first mentioned in her Infectious Disease Clinic notes on 07/19/05, and various symptoms of depression appear in notes as far back as 01/18/05.
>
> Ms. Ford's current symptoms include significantly depressed mood, significantly decreased energy and motivation, crying spells, poor sleep, poor appetite with some weight loss, decreased enjoyment of previously enjoyable activities (anhedonia), decreased sense of self worth, irritability, decreased focus, forgetfulness, and slowed thoughts. Additionally she has had increased anxiety, especially around other people, which has led her to isolate herself as much as possible, and a desire to avoid people all together. While she has been working part-time at a grocery store to date she finds it to be an incredible struggle to get herself to work each day that she is scheduled, and then to make it through the day. The only reason that she has been able to endure work to this point has been her financial situation. However, she feels that she can not keep this up much longer, and may have to quit work due to her emotional distress and some physical ailments (arm/shoulder pain) in the near future (by her report).
>
> Based on my limited knowledge of Ms. Ford and her condition, it does seem to me that her ability to adequately hold a job has been negatively affected by her psychiatric condition. Specifically, her low energy and her decreased concentration and memory may limit her ability to complete her job tasks successfully, and her irritability and anxiety around people may affect her ability to properly interact with her supervisor, her coworkers and her customers. I can not speak to her medical conditions however, she feels that that complicates her situation as well.
>
> I am attempting to treat Ms. Ford's psychiatric condition with medications, however it may be several weeks or months before Ms. Ford notices a substantial difference, and even longer before she achieves remission of her symptoms. I am working however, to help her improve as rapidly as is possible.

4

(TR 307). Ms. Ford continued under the treatment of Dr. Ebbing and Dr. Gabrielle Marzani. On December 6, 2007, Dr. Marzani completed a report indicating that plaintiff could work no more than five hours per week. (TR 751).

The Administrative Law Judge relied heavily on a psychological evaluation performed by Dr. Elizabeth J. Hrncir. (TR 538-41). Dr. Hrncir saw Ms. Ford on October 23, 2006 at the behest of the Disability Determination Services. Based on her mental status examination, Dr. Hrncir diagnosed a single episode of major depressive disorder with generalized anxiety disorder. Dr. Hrncir estimated plaintiff's GAF to be between 51 and 60.[1] The psychologist reported that plaintiff suffers from functional impairments of mild to moderate severity.

The Commissioner also relied on an assessment submitted by Dr. John Kalil, a nonexamining psychologist. Dr. Kalil reported no more than mild to moderate limitations as to all relevant work-related emotional functions. (TR 557-58).

The medical record relevant to plaintiff's nonexertional impairments also includes the report of a mental health therapist dated April 17, 2008. The therapist noted that Ms. Ford has no useful ability to execute detailed work instructions. Otherwise, the therapist reported mild to moderate limitations as to specific, work-related emotional functions. (TR 923-25).

In short, while the medical record relating to plaintiff's nonexertional limitations is in conflict, the court believes that there is a reasonable basis to support the Law Judge's finding that plaintiff's emotional problems do not prevent performance of several of the jobs which Ms. Ford

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, Text Revision. Washington, D.C., American Psychiatric Association, 2000. P. 48.

5

previously performed. Although Dr. Ebbing indicated that Ms. Ford was significantly impaired in late 2005, he also indicated that her overall psychiatric condition could be expected to improve with medication. The record is largely silent as to the therapeutic efforts that were made following Dr. Ebbing's intervention. Dr. Marzani's note of December 6, 2007 indicates that Ms. Ford was severely impaired. However, the court believes that the Administrative Law Judge reasonably accorded greater weight to the psychological report of Dr. Hrncir, who documented a thorough clinical interview and mental status evaluation. While Dr. Hrncir concurred in the diagnoses of depression and anxiety, the psychologist's assessment supports the finding that Ms. Ford retains sufficient functional capacity to participate in simple, unskilled forms of work on a regular and sustained basis. Given Dr. Hrncir's report, as well as the absence of any treatment history documenting the existence of manifestations of disabling nonexertional limitations, the court concludes that the Administrative Law Judge's disposition is supported by substantial evidence. It follows that the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Ms. Ford is free of all depression and anxiety. Indeed, the medical record confirms that plaintiff has received a most worrisome physical diagnosis which can be expected to result in depressive symptomatology, worry, and anxiety. However, there is every reason to believe that plaintiff's symptoms are subject to control through routine psychiatric measures, especially given that her HIV is in remission. The Administrative Law Judge relied on the assessment from a psychologist who actually examined Ms. Ford, in concluding that plaintiff's emotional symptoms do not contribute to an overall disability. It must be recognized that the inability to do work without any subjective complaints does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It

Case 5:08-cv-00067-GEC   Document 13   Filed 05/21/09   Page 6 of 7   Pageid#: 37

appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. Indeed, the record reveals that the Law Judge solicited input from a vocational expert in assessing the extent to which plaintiff's performance of past relevant work roles would be impacted by mild to moderate nonexertional limitations. The court concludes that all facets of the Commissioner's final decision in this case are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 21st day of May, 2009.

/s/ Glen Conrad
United States District Judge